[No. 6843.  Decided September 17, 1907.]

THE CITY OF SEATTLE, *Respondent*, v. C. FOSTER, *Appellant*.[1]

INTOXICATING LIQUORS—SALES—STATUTES—IMPLIED REPEAL. The pharmacy act, Laws 1899, p. 222, relating to the drug business and authorizing the sale of spirituous liquors by druggists for medical purposes without a license, does not impliedly repeal Bal. Code, § 2937, relating to the sale and disposal of intoxicating liquors and requiring sales by druggists for medical purposes to be upon the written prescription of a reputable physician; since repeals by implication are not favored, and this rule has special application where the laws relate to different subjects.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 6, 1907, upon a trial and conviction of the crime of selling intoxicating liquors without a license.  Affirmed.

*Morris, Southard & Shipley*, for appellant.

*Ellis DeBruler*, for respondent.

RUDKIN, J.—The appellant Foster was convicted of the crime of selling intoxicating liquors without a license, in violation of an ordinance of the city of Seattle, and from the judgment of conviction the present appeal is prosecuted.

The case was submitted to the court below upon an agreed statement of facts, the material parts of which are as follows:  The appellant conducted a pharmacy in the city of Seattle for the compounding, dispensing and sale of drugs, medicines, poisons, wines, and malt and spirituous liquors, under the pharmacy laws of the state.  On the 20th day of September, 1906, he sold to Mrs. John Kelly two bottles of malt liquor, the purchaser stating at the time of purchase that she purchased the same for medical purposes.  At the time of the sale the appellant kept in his place of business a registry book in which he entered the name of the purchaser,

[1]Reported in 91 Pac. 642.

the quantity purchased, the date, and for what purpose used, as required by § 15 of the pharmacy act of 1899, Laws 1899, page 222, but such sale was not made on the written prescription of a reputable physician, as provided by § 6 of the act of February 2, 1888, Bal. Code, § 2937 (P. C. § 5718), and by the ordinance of the city of Seattle, nor did the appellant have a license from the city for the sale and disposal of malt liquors.

On these facts the appellant contends that the provisions of the act of February, 1888, and of the ordinance of the city of Seattle, which only authorize druggists and pharmacists to dispense spirituous, fermented and malt and other intoxicating liquors without a license when done in good faith upon the written prescription of a reputable physician, were superseded by the pharmacy act of 1899, *supra*, and that since the passage of the latter act druggists and pharmacists may sell intoxicating liquors without a license, by merely keeping and making the proper entries in the registry book above referred to. With such a contention we are unable to agree. While the pharmacy act of 1899 provides that sale of wines and spirituous and malt liquors may be made by pharmacists and druggists for medical, scientific, mechanical and sacramental purposes without a license, it does not in terms or by implication dispense with the necessity for a physician's prescription or certificate when the liquors are sold to be used for medical purposes. The well-established rule that repeals by implication are not favored in law has a peculiar application here, for the two acts under consideration relate to widely different subjects—the former to the sale and disposal of intoxicating liquors, the latter to the conduct of the drug business. We are firmly convinced that the legislature did not intend to permit a drugstore to become a grogshop by merely keeping a formal record of its sales, and such would be the ultimate effect of upholding the contention of the appellant.

There is no error in the record and the judgment is af-
firmed.

HADLEY, C. J., CROW, MOUNT, and FULLERTON, JJ., con-
cur.