[No. 8574. Department Two. March 25, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. OSCAR KROOK, *Appellant*.[1]

INTOXICATING LIQUORS—SALES—STATUTES—IMPLIED REPEAL. The pharmacy act, Rem. & Bal. Code, § 8459, relating to the drug business and authorizing the sale of spirituous liquors by druggists for medical purposes, does not impliedly repeal Rem. & Bal. Code, § 6275, relating to the sale and disposal of intoxicating liquors and requiring sales by druggists for medical purposes to be upon the written prescription of a reputable physician; since repeals by implication are not favored, and this rule has special application where the laws relate to different subjects.

INTOXICATING LIQUORS — SALES—LICENSES—DRUGGISTS—PRESCRIPTIONS. Rem. & Bal. Code, § 8459, amending the pharmacy law so as to provide that "no other license shall be necessary under any ordinance of any city" to make sales of intoxicating liquors under the pharmacy act, merely means that the state law shall govern, and was not intended to authorize sales without a state license and physician's prescription.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered October 30, 1909, upon a trial and conviction of selling intoxicating liquors without a license. Affirmed.

*John R. Crites*, for appellant.

*George Livesey* and *J. W. Kindall*, for respondent.

MOUNT, J.—The appellant was convicted of the crime of selling liquor without a license. A fine was imposed, and this appeal followed.

The facts are stipulated in substance as follows: On August 15, 1909, the appellant was a clerk in a pharmacy or drugstore conducted by a corporation in the city of Bellingham. This pharmacy was in charge of a regularly registered pharmacist. On that date the appellant sold to one W. H. Dole one half-pint of whiskey. The sale was made in the belief that the purchaser would use the liquor for medicinal

[1]Reported in 107 Pac. 1032.

purposes, but it was not made in a case of extreme illness where delay was dangerous to the patient. The sale was not made upon the prescription of a physician, and the drug company possessed no license issued by the city for the sale of intoxicating liquors. At the time of the sale, an entry was made upon a record kept for that purpose, showing the quantity purchased, the date and purpose for which purchased, and also the buyer's name and address.

The facts in the case are substantially the same as in *Seattle v. Foster*, 47 Wash. 172, 91 Pac. 642. That case was prosecuted under a city ordinance, while this is prosecuted by the state. The appellant in the *Foster* case contended that Bal. Code, § 2937 (Rem. & Bal. Code, § 6275), was repealed by implication by the pharmacy act of 1899, and that, since the passage of the latter act, druggists and pharmacists were authorized to sell intoxicating liquors for medicinal purposes, without a prescription from a physician and without a license, by merely making and keeping the required record of such sales. We refused to follow that reasoning, and said:

"The well-established rule that repeals by implication are not favored in law has a peculiar application here, for the two acts under consideration relate to widely different subjects—the former to the sale and disposal of intoxicating liquors, the latter to the conduct of the drug business. We are firmly convinced that the legislature did not intend to permit a drugstore to become a grogshop by merely keeping a formal record of its sales, and such would be the ultimate effect of upholding the contention of the appellant."

During the session of the legislature of 1909, after the decision in the *Foster* case, § 15 of the pharmacy act of 1899 (Laws 1899, p. 222), was amended so as to read:

"Provided, that no such wines, spirituous or malt liquors shall be sold for any other than medicinal, scientific, mechanical or sacramental purposes, and no other license shall be necessary under any ordinance of any municipality for pharmacists to make said sale in compliance with the provi-

sions of this act." Laws 1909, p. 731, § 8 (Rem. & Bal. Code, § 8459).

This provision in the Law of 1899 read as follows:

"Provided, that no such wines, spirituous or malt liquors shall be sold for any other than medical, scientific, mechanical or sacramental purposes, and no other license shall be necessary under any law of the state for pharmacists to make said sale in compliance with the provisions of this act." Laws 1899, p. 222, § 15.

It will be noticed that the only change in the provision was that the words "any law of the state" were made to read "any ordinance of any municipality." Other changes, however, were made in the section, but such changes are not material here. It is now contended by the appellant in this case, as it was in the *Foster* case, that the pharmacy act of 1899, as amended in 1909, repealed by implication Rem. & Bal. Code, § 6275, regulating the sale of intoxicating liquors; and it is also contended that the amendment of 1909, as above set out, was for the purpose of permitting pharmacists to sell intoxicating liquors without a prescription therefor.

We cannot sustain either of these contentions. The first is disposed of in *Seattle v. Foster, supra*. We are satisfied with the rule there stated, and do not desire to change it in this case. We are also satisfied that the amendment of 1909 does not have the effect contended for by the appellant. The phrase "no other license shall be necessary under any ordinance of any municipality," simply means that the state law shall govern. We held in the *Foster* case, *supra*, that the state law, as declared by Rem. & Bal. Code, § 6275, was in force and controlled such cases. The amendment therefore was in conformity with the opinion in that case, rather than in avoidance of it. Furthermore, if the legislature had intended by the amendment to provide that druggists and pharmacists might sell intoxicating liquors without a license and without a physician's prescription therefor, it would without doubt have done so directly by amending or repealing

Rem. & Bal. Code, § 6275, which we held controlled in such cases. It did not do so, and we are satisfied did not intend to do so by the amendment of 1909 above considered.

The judgment must therefore be affirmed.

Rudkin, C. J., Parker, Crow, and Dunbar, JJ., concur.