[No. 9079.    Department One.    February 20, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.

CHARLES E. RAY, *Appellant*.[1]

INTOXICATING LIQUORS—SALE WITHOUT LICENSE—STATUTES—RE-PEAL—CONSTRUCTION. The sale of intoxicating liquors outside of the corporate limits of a city or town, without any license from the county commissioners, is punishable as a misdemeanor, under Rem. & Bal. Code, § 6263, giving the board of county commissioners in each county the sole and exclusive authority to regulate, license, or prohibit such sales, and Id., § 2673, providing that the doing of any act without a license, when one is required by law, shall be a misdemeanor; notwithstanding that Bal. Code, § 7312, making it a misdemeanor to sell intoxicating liquors without a license was repealed by Rem. & Bal. Code, § 2304.

Appeal from a judgment of the superior court for Whitman county, Canfield, J., entered April 14, 1910, upon a trial and conviction of selling intoxicating liquors without a license. Affirmed.

*J. T. Brown*, for appellant.

*Charles L. Chamberlin (Paul Pattison*, of counsel), for respondent.

GOSE, J.—The appellant was tried, convicted, and sentenced upon a charge of selling intoxicating liquors without a license, in the county of Whitman, on the 25th day of December, 1909. This appeal followed.

The evidence showed that the liquor was sold at a place called Lewiston Junction, in that county, outside the corporate limits of any city or town. Bal. Code, § 7312, provided that any person who shall sell or dispose of intoxicating liquors without having first obtained a license from the proper authorities shall be deemed guilty of a misdemeanor. This section was repealed by Laws 1909, p. 906, § 52 (Rem. & Bal. Code, § 2304).

[1]Reported in 113 Pac. 634.

The appellant contends that, since the repeal of that section, there is no law in this state making it a crime or an offense to sell or dispose of intoxicating liquors without having first obtained a license from the proper authorities. The point was raised by a demurrer to the information and by a motion in arrest of judgment. We do not think the contention can be upheld. The applicable provisions of the statute are as follows: It is provided in Rem. & Bal. Code, §6263, that,

"The board of county commissioners of each county in the state of Washington shall have the sole and exclusive authority and power to regulate, restrain, license, or prohibit the sale or disposal of spirituous, fermented, malt, or other intoxicating liquors outside of the corporate limits of each incorporated city, incorporated town, or incorporated village in their respective counties."

And by § 6268:

"Nothing in this act shall be held or construed to allow any person, firm, or corporation to barter, sell, or otherwise dispose of any spirituous, malt, fermented, or other intoxicating liquors without having first obtained a license therefor, as required by the provisions of this chapter, except as provided in § 6275, *infra*."

Section 6275 has reference to pharmacists or druggists, and no right or immunity is claimed under that section. These sections of the statute are taken from the Laws of 1888, pages 124-5. The title of that act is: "An Act to regulate, restrain, license or prohibit the sale of intoxicating liquors." Laws 1909, p. 1024, § 421 (Rem. & Bal. Code, § 2673), provides:

"Every person who shall in any case not otherwise specially provided for, do any act, for the doing of which a license or other authority is required by law, without having such license or other authority as required by law, shall be guilty of a misdemeanor."

Laws 1909, p. 894, § 14 (Rem. & Bal. Code, § 2266), provides the punishment for a misdemeanor where the penalty is

not fixed by other provisions of the law.  A reading of these
several provisions makes it clear that the law making body
not only intended to, but did, make it a misdemeanor for any
person to sell or dispose of intoxicating liquors without having
first obtained a license from the proper authorities.  Any
other construction would render these sections of the law
meaningless.  Discussion cannot clarify them, and we will
not nullify them by a strained construction.  This view is
supported by *State v. Krook*, 58 Wash. 23, 107 Pac. 1032.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, PARKER, and FULLERTON, JJ.,
concur.